## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

JESSICA E. DELISIO,                    :
                                    :

        **Plaintiff,**            :   **Case No. 1:24-cv-00577**
                                      :

        **v.**                    :   **Judge Donald C. Nugent**
                                      :

RONALD M. DELISIO,            :
                                    :

        **Defendant.**          :

---

## THIRD-PARTY DEFENDANT STATE OF OHIO'S MOTION TO DISMISS

---

Third-Party Defendant State of Ohio, by and through counsel, respectfully requests the Court to dismiss all claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A memorandum in support of this Motion to Dismiss is attached.

            Respectfully submitted,

            DAVE YOST
            Ohio Attorney General

            */s/ Ann Yackshaw*
            ANN YACKSHAW (0090623)
            JAMES P. REISING (0102996)
            Assistant Attorneys General
            Constitutional Offices Section
            30 East Broad Street, 16th Floor
            Columbus, OH  43215-3428
            Tel: (614) 466-2872 | Fax: (614) 728-7592
            Ann.Yackshaw@OhioAGO.gov
            James.Reising@OhioAGO.gov

            *Counsel for the Third-Party Defendant*
            *State of Ohio*

<u>**MEMORANDUM**</u>

## I.      INTRODUCTION

Third-Party Plaintiff *pro se* Ronald M. DeLisio ("Mr. DeLisio") brings this fatally flawed complaint against Third-Party Defendant State of Ohio. Mr. DeLisio seeks $3,114,000 in damages from multiple Third-Party Defendants, including the State of Ohio, for alleged violations of numerous civil and criminal laws in connection with separate domestic proceedings in which Mr. DeLisio has been involved. However, Mr. DeLisio's claims are barred as a result of the State's Eleventh Amendment immunity from any claims against it, and he incorrectly asserts this Court's maritime, admiralty, and prize jurisdiction as the basis for his claims, both of which are fatal to his complaint under Fed. R. Civ. P. 12(b)(1). Further, Mr. DeLisio makes no specific factual allegations of wrongdoing against the State, which, under Fed. R. Civ. P. 12(b)(6), is fatal to his complaint. For these reasons, all claims against the State of Ohio should be dismissed.

## II.      FACTUAL BACKGROUND

On May 2, 2024, Third-Party Plaintiff Ronald M. DeLisio brought an action against, among other Third-Party Defendants, the State of Ohio. Compl. at 1, Doc. No. 8 at PageID 119. Mr. DeLisio states that he is involved in a separate domestic dispute with Plaintiff Jessica E. DeLisio, in which each of the named Third-Party Defendants, including the State of Ohio, are allegedly responsible for violating Mr. DeLisio's rights. *Id.* at 3–4.

Mr. DeLisio accuses the State of Ohio of being an "insolvent, for profit, bankrupt corporation[] masquerading as government." *Id.* at 2. He continues that the State of Ohio should "be considered as [a] foreign state[], see 28 USC 1605, and since being operated in commerce there is to be NO immunity granted." *Id.*

2

Mr. DeLisio brings 15 claims against four of the Third-Party Defendants, including the State of Ohio. *Id.* at 5. Mr. DeLisio does not differentiate which of these claims pertain to which Third-Party Defendants. *Id.* For his 15 claims, Mr. DeLisio seeks a collective $3,114,000. *Id.* Mr. DeLisio adds that each of these Third-Party Defendant are "severally and/or jointly charged . . . with . . . impersonating a government, due to the reckless and damaging violations of unalienable rights and violations of the Supreme Law of the Land known as the Constitution for the united [sic] States of America." *Id.* at 4. Finally, Mr. DeLisio alleges that the State of Ohio is "vicariously liable for the actions of [its] agents, the County Judge David Ondrey and the County Magistrate Kevin Starrett." *Id.*

## III.     LAW AND ARGUMENT

### A.     Standards of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject matter jurisdiction. A civil complaint must establish that the claims set forth are within the subject matter jurisdiction of the court. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id.* at 760.

The Federal Rules of Civil Procedure also require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharmaceuticals, Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While this plausibility standard does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks omitted).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court construes the facts in the light most favorable to the non-moving party and accepts as true "all well-pled factual allegations." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (internal quotation marks omitted).

**B.      Plaintiff DeLisio's claims should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).**

**1.      Plaintiff's claims are jurisdictionally barred by the State of Ohio's Eleventh Amendment immunity.**

The Eleventh Amendment of the United States Constitution acts as a jurisdictional bar to "all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotations omitted). Eleventh Amendment immunity applies in all but three limited circumstances: "(a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (c) when Congress has properly abrogated a State's immunity." *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

4

None of these exceptions apply here. First, the State of Ohio has not consented to suit. Second, the *Ex parte Young* exception applies when a *state actor* is sued in his or her official capacity for *prospective injunctive* relief. *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). But the *Ex parte Young* exception does not apply to Mr. DeLisio's claims against the State because that exception applies to state officials, not state entities. *Kanuszewski v. Mich. HHS*, 927 F.3d 396, 416 (6th Cir. 2019). And even if Mr. DeLisio had sued a state official rather than the State, his claim for relief still improperly rests in the form of damages, a retrospective (and not prospective) claim. *See Doe v. Cummins*, 662 Fed. Appx. 437, 444 (6th Cir. 2016) (citing *Edelman v. Jordan*, 415 U.S. 651, 666–69 (1974)).

Lastly, Congress has not abrogated the State of Ohio's immunity as to any of Mr. DeLisio's claims. Congress has not abrogated States' immunity in § 1983 actions. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) ("Congress did not disturb the states' eleventh amendment immunity when it passed § 1983"). Further, to the extent Mr. DeLisio brings claims against the State under 42 U.S.C. § 1985 and 18 U.S.C. § 1964(c)—the only other statutes with a private right of action—Congress similarly has not abrogated the States' Eleventh Amendment immunity. *See Vyletel v. Univ of Michigan-Dearborn*, No. 22-13067, 2023 U.S. Dist. LEXIS 60620, *6–7 (E.D. Mich. Mar. 3, 2023) (holding that "Congress has not abrogated Eleventh Amendment immunity from claims under 42 U.S.C. § 1985") (citing *Sykes v. U.S.*, 507 Fed. App'x 455, 462 (6th Cir. 2012)); *Linne v. Rideoutte*, No. 91-5338, 1992 U.S. App. LEXIS 28514, *1–2 (D.C. Cir. Jun. 9, 1992) (rejecting the assertion that "Congress, in enacting 18 U.S.C. § 1964, intended to abrogate existing immunities protecting government officials . . . from civil damage claims."). Thus, the State of Ohio is entitled to immunity.

### 2. Plaintiff incorrectly asserts this Court's maritime, admiralty, and prize jurisdiction as the basis for subject matter jurisdiction.

Mr. DeLisio also invokes this Court's original jurisdiction over maritime, admiralty, and prize cases. *See* 28 U.S.C. § 1333. But his invocation of maritime, admiralty, and prize jurisdiction is wildly inapplicable. None of Mr. DeLisio's allegations suggest a factual basis for a "civil case of admiralty or maritime jurisdiction," 28 U.S.C. § 1333(1), notwithstanding his assertions that the State of Ohio is acting as a "foreign state." *See* Compl. at 2, Doc. No. 8 at PageID 120. Further, neither the issuance of the DVCPO against Mr. DeLisio, nor the circumstances surrounding that issuance, nor the proceedings involving the order, *see id.* at 3–4, constitute a "prize brought into the United States" or an action for "condemnation of property taken as a prize." 28 U.S.C. § 1333(2). As such, Mr. DeLisio's complaint should be dismissed for lack of subject matter jurisdiction.

### C. Plaintiff DeLisio's claims should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. Mr. DeLisio's complaint must be dismissed for failure to include a short and plain statement of his claims entitling him to relief against the State of Ohio under Fed. R. Civ. P. 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, Mr. DeLisio fails to state even a *single* claim against the State of Ohio, let alone a short and plain statement of a claim. Mr. DeLisio's complaint lists 15 causes of action, but he pleads no facts in support of any of them. Compl. at 5, Doc. No. 8 at PageID 123. Indeed, he alleges *zero* facts against the State in support of any of his claims, but rather accuses the State of "masquerading as government," being a "foreign state[]," "impersonating the government," and being vaguely "vicariously liable" for the actions of other Third-Party

6

Defendants. *Id.* at 2–4. These allegations do not even relate to any of the 15 claims, much less show that Mr. DeLisio is entitled to relief under any of them. Accordingly, Mr. DeLisio's complaint should be dismissed for failure to provide a short and plain statement of his claims.

**2. Even if Mr. DeLisio's complaint contains a claim against the State, it must still be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim upon which relief may be granted.**

Even assuming, *arguendo*, that Mr. DeLisio asserts some identifiable legal claim directly against the State of Ohio, his complaint fails to state a single plausible claim for relief and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Of the 15 statutes under which Plaintiff DeLisio asserts a claim against the State of Ohio, only three—42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1964—provide a private right of action. Plaintiff DeLisio's claim under each statute fails as a matter of law.

To state a claim under 42 U.S.C. § 1983, a plaintiff must only make two allegations: (1) that a person has deprived the plaintiff of a federal right; and (2) that the person who has deprived the plaintiff of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Here, Mr. DeLisio fails to plausibly allege a § 1983 claim against the State for two reasons. First, under § 1983, Mr. DeLisio must sue a state *official*, rather than the State for which the official works. *See Kanuszewski,* 927 F.3d at 417, n.11 ("Another reason that claims against the state and its agencies cannot be maintained under § 1983 is that these entities are not suable 'persons' for purposes of § 1983."). This is because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989). Second, Mr. DeLisio has failed to identify any federal rights guaranteed to him by the U.S. Constitution or laws of the United States which the State of Ohio

has supposedly violated. Thus, Mr. Delisio's 1983 claim fails as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

To establish a violation of 42 U.S.C. § 1985, a plaintiff must allege that multiple defendants "conspired together for the purpose of depriving [the plaintiff] of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus." *Bedell v. Ohio Dept. of Jobs & Fam. Servs.*, No. 1:17 CV 1161, 2017 U.S. Dist. LEXIS 201783, *11 (N.D. Ohio Dec. 7, 2017) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)). Conspiracy claims under § 1985 must be pled with specificity. *See Dallas v. Holmes*, 137 Fed. Appx. 746, 752 (6th Cir. 2005). Here, however, Mr. DeLisio does not allege any specific facts—let alone any facts *at all*—to plausibly suggest that the State has engaged in a discriminatory conspiracy. Accordingly, Mr. DeLisio's § 1985 claim fails as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the only criminal statute Mr. DeLisio identifies that provides a private cause of action is 18 U.S.C. § 1964, which states that "[a]ny person injured in his business or property by reason of a violation of" the RICO statute may sue for treble damages and attorney's fees. *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) (citing 18 U.S.C. § 1964(c)). A civil RICO claim requires plaintiff to allege "(1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Id.* (internal citations omitted). Yet again, Mr. DeLisio fails to plead any facts in support of this claim, failing to allege an enterprise affecting interstate commerce, a connection between

racketeering offenses and the enterprise, or any injury. As such, Mr. DeLisio's § 1964 claim fails as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the State respectfully asks the Court to dismiss each of the claims against it.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*

ANN YACKSHAW (0090623)
JAMES P. REISING (0102996)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH  43215-3428
Tel: (614) 466-2872 | Fax: (614) 728-7592
Ann.Yackshaw@OhioAGO.gov
James.Reising@OhioAGO.gov

*Counsel for the Third Party Defendant*
*State of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, a copy of the foregoing *Third Party Defendant State of Ohio's Motion To Dismiss* was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties have access to this filing through the Court's system. A copy has been sent to the following by first class mail via the U.S. Postal Service.

Ronald M. DeLisio
12995 Caves Road
Chesterland, OH 44026

*Pro Se Defendant/Third Party Plaintiff*

/s/ *Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General

10